**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

v.  Case No. 3:16-cr-133-MMH-MCR

ANDREW LARRY HARRIS

## O R D E R

**THIS CAUSE** is before the Court on Defendant's Motion for Judicial Recommendation Pursuant to Title 18 U.S.C. §3624 (Dkt. No. 159; Motion) filed on November 10, 2021. In the Motion, Defendant requests that the Court recommend to the Bureau of Prisons (BOP) that he be permitted to receive six months in a Residential Reentry Center and six months of home confinement. See Motion at 2. The Motion is due to be denied.

Halfway house placement and eligibility for home confinement to complete a sentence are determined by the BOP, not the Court. See United States v. Groover, 844 F. App'x 185, 189 (11th Cir. 2021) ("It is undisputed that the authority to place a prisoner in home confinement rests solely with the BOP rather than the judiciary."); Touizer v. U.S. Att'y Gen., No. 21-10761, 2021 WL 3829618, at *2-3 (11th Cir. Aug. 27, 2021). While a sentencing judge is permitted to make recommendations to the BOP regarding the placement of a defendant in a particular facility or program, the ultimate "decision making

authority rests with the BOP." Tapia v. United States, 564 U.S. 319, 331 (2011); 18 U.S.C. § 3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment[.]"). Indeed, "[a]fter a district court sentences a federal offender, the Attorney General, through B.O.P., has the responsibility for administering the sentence." United States v. Wilson, 503 U.S. 329, 335 (1992). And, the Supreme Court affords "considerable deference to the determinations of prison administrators who in the interest of security, regulate the relations between prisoners and the outside world." Thornburgh v. Abbott, 490 U.S. 401, 408 (1989). In the same way, the BOP is in the best position to determine whether a "defendant's adjustment . . . demonstrates his suitability for home confinement." United States v. Phillips, No. 13-cr-80230-Bloom, 2020 WL 1033400, at *2 (S.D. Fla. Mar. 2, 2020) (cleaned up). For these reasons, the Court declines to make a recommendation at this time. Accordingly, it is hereby **ORDERED:**

Defendant's Motion for Judicial Recommendation Pursuant to Title 18 U.S.C. §3624 (Dkt. No. 159) is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida this 21st day of June, 2023.

*[signature]*
**MARCIA MORALES HOWARD**
United States District Judge

- 2 -

ja

Copies to:

Counsel of Record
Defendant